United States District Court
Southern District of Texas
**ENTERED**
January 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY B. HIRT & JOANN HIRT § § § *Plaintiffs*, § § v. § Civil Action No.: 4:20-cv-1616 § WELLS FARGO BANK, N.A. § § *Defendant*. § | |

## MEMORANDUM & RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. 9) pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the pleadings, the parties' filings and the law, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

In December 2018 Plaintiffs Timothy and Joann Hirt purchased a piece of property in Montgomery, Texas from Joseph and Stephanie Hyde. Dkt. 1 ¶ 6. At the time Plaintiffs purchased the property, the Hydes owed $159,963.03 to Wells Fargo Home Mortgage (WFHM) and WFHM held a lien on the property in that amount. Momentum Title of Spring, Texas ("Momentum") handled the closing for the Plaintiffs. *Id*. During the closing process and on behalf of Plaintiffs, Momentum directed its escrow bank, Spirit of Texas, to wire $159,963.03 to a Wells Fargo bank account to obtain a release of the lien. *Id*. ¶ 7. Spirit of Texas initiated the transaction with a wire payment order. *Id*. ¶ 8. The wire payment order listed the account number to receive the funds and identified Defendant, Wells Fargo Bank, N.A., as the owner of that account. *Id*.

Unfortunately, however, the account number on the wire payment order actually belonged to an unnamed third-party who was committing fraud. *Id.* ¶ 9. Although the account number and the account holder name did not match, Defendant accepted the payment order and deposited the funds to the bank account number listed in the wire payment order. The owner of that account then absconded with the $159,963.03. *Id*. Plaintiffs complain in this suit that Defendant Wells Fargo Bank, N.A. received $159,963.03 to pay off the lien, but mishandled those funds and now improperly refuses to release the mortgage lien encumbering the property Plaintiffs purchased from the Hydes. *Id.* ¶ 12.

## II. RULE 12(b)(6) AND FEDERAL PLEADING STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the Court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III.  ANALYSIS

### A.  Plaintiffs have stated a claim for recovery under Article 4A of the UCC.

Plaintiffs allege Defendant violated Article 4A of the Texas Business & Commerce Code, which provides unique rules related to wire transfers and assigns responsibility, allocates risk, and establishes limits on liability in the wire transfer context. TEX. COM. & BUS. CODE § 4A.102 cmt. Plaintiffs' Article 4A claim is based specifically on § 4A.207(b).  Section 4A.207(b) governs situations in which a payment order[1] received by the beneficiary's[2] bank identifies the beneficiary both by name and by a bank account number, and the name and account number identify different persons. *Id*. § 4A.207(b).  Section 4A.207(b)(1) states that where the beneficiary's bank *does not know* that the name and account number refer to different persons, or the fund transfer is processed in a fully automated way, the beneficiary's bank may rely on the information it has received and need not determine whether the name and account number identify the same person.  Thus, under subsection (b)(1), the beneficiary's bank has no duty to determine whether there is a conflict between the name and the account number and may rely on the bank account number as the proper identification of the beneficiary. *Id*. § 4A.207(b)(1).  When the beneficiary's bank accepts[3] the wire payment order, the beneficiary's bank is entitled to payment from the originator's bank and the beneficiary's bank is not liable for a discrepancy between the account name and the account number. *Id*. cmt. 2; *Remtek Services, Inc. v. Wells Fargo Bank, N.A.*, Civil No. 19-12790

---

[1] A payment order is an instruction of a sender to a receiving bank to cause another bank to pay a fixed or determinable amount of money to a beneficiary if (1) the instruction does not state a condition of payment to the beneficiary other than the time of payment; (2) the receiving bank is to be reimbursed by debiting an account of, or otherwise receiving payment from, the sender; and (3) the instruction is transmitted by the sender directly to the receiving bank. *Id*. §§ 4A.103(a)(1)(A)-(C).

[2] The beneficiary is the person to be paid the funds in a wire transfer. *Id*. §§ 4A.103(a)(2)-(3).

[3] Acceptance by the beneficiary's bank means that the bank is liable to the beneficiary for the amount of the payment order. *Id*. § 4A.209 cmt. 4.

(RBK/KMW), 2020 WL 241332, at *3 (D.N.J. Jan. 16, 2020) (explaining the beneficiary's bank is "immune from liability . . . unless they have actual knowledge of the discrepancy.").

On the other hand, if the beneficiary's bank receives a wire payment order and *knows* that the beneficiary name and account number identify different people, then no person has rights as a beneficiary and acceptance of the payment order cannot occur. TEX. COM. & BUS. CODE § 4A.207(b)(2). In that case, because there is no acceptance, the originator[4] is not obligated to pay its bank and the originator's bank is not obligated to pay the beneficiary's bank. The result of a beneficiary bank's acceptance of a wire payment order with knowledge that the beneficiary name and account number on the order do not match, is that the beneficiary's bank is responsible for the loss. Under § 4A.207(b)(2), whether the originator was negligent in issuing the payment order with conflicting identifying information is irrelevant to the issue of who must bear the loss.

As explained above, whether the beneficiary's bank had knowledge of the discrepancy between the account number and the identity of the beneficiary is critical to assigning risk in § 4A.207(b) cases. The UCC defines knowledge as actual knowledge. TEX. BUS. & COM. CODE § 1.202(b). An organization is deemed to have actual knowledge of a discrepancy at the time it is brought to the attention of the individual conducting the transaction, or at the time it would have been brought to the individual's attention had the organization exercised due diligence. *Id*. § 1.202(f). An organization exercises due diligence if it maintains a reasonable routine for communicating significant information to the individual conducting the transaction and there is reasonable compliance with the routine. *Id*.

The parties disagree about whether Plaintiffs have adequately alleged that Wells Fargo, the beneficiary's bank, had knowledge of the conflict between the beneficiary name and the account

---

[4] An originator is the sender of the first payment order in a funds transfer. *Id*. § 4A.104(3).

number on the payment order. Defendant argues Plaintiffs' Article 4A claims must be dismissed because Plaintiffs have failed to and cannot allege that Defendant had actual knowledge of the discrepancy. Dkt. 9 ¶ 20. If Defendant is correct that Plaintiffs cannot show Defendant had actual knowledge of the discrepancy, Defendant would have been entitled under subsection (b)(1) to rely on the account number in the payment order and Defendant would not be liable for the loss that resulted from payment of the funds into that account, which, in turn, allegedly allowed a fraudster to abscond with $159,963.03. Plaintiffs argue they have adequately alleged knowledge of the discrepancy by Defendant so the provisions of subsection (b)(2) apply, and Defendant, as the beneficiary's bank, must bear the loss of the $159,963.03. Dkt. 10 at 16.

Plaintiffs allege in the Complaint that, as soon as Defendant Wells Fargo received the payment, it generated a memorandum which identified Wells Fargo as the beneficiary of the payment but identified the account name to which payment was directed as someone other than Wells Fargo. Dkt. 1 ¶ 10. Plaintiffs argue this memorandum demonstrates Defendant Wells Fargo's actual knowledge of the discrepancy between the account number and beneficiary name in the payment order at the time it received the payment. Accepting these facts as true and viewing them in the light most favorable to Plaintiffs, Plaintiffs have included in the Complaint sufficient facts to state a claim under § 4A.207(b) which is plausible on its face. *See Bell Atl. Corp.*, 550 U.S. at 570; *see also Alexander*, 48 F.3d at 701.

Defendant also argues, without further explanation, that the funds were deposited via an automated wire transaction. Dkt. 9 ¶ 4. If true, § 4A.207(b)(1) would apply to the transaction. Under subsection (b)(1), Defendant would have been entitled to rely on the account number to identify the beneficiary and would not have any duty to determine whether a discrepancy existed between the account holder's name and the account number. However, the facts of the Complaint

do not establish that the funds were deposited via an automated process and Defendant has not directed the Court to other information which could be considered at the motion to dismiss stage of this suit. Because under Rule 12(b)(6) the Court must draw all reasonable inferences in favor of Plaintiffs, Defendant's Motion to Dismiss should be denied with respect to Plaintiffs' claim under § 4A.207(b).

**B. Plaintiffs' negligence claim is preempted by Article 4A and must be dismissed.**

Plaintiffs argue Defendant is also liable for negligence, arguing Defendant owed them a duty to "properly apply [Plaintiffs'] payment to a payoff of the existing Hyde mortgage lien[.]". Dkt. 1 ¶ 14. Plaintiffs allege Defendant breached its duty to them by failing to: (1) supervise the employees handling the transaction; (2) apply the funds to the Hydes' mortgage lien; (3) train and supervise employees as part of fraud prevention efforts; and (4) take timely corrective action to protect Plaintiffs' payment. *Id.* ¶¶ 14-15. Defendant argues Plaintiffs' negligence claims must be dismissed because they are preempted by Article 4A of the UCC. Dkt. 9 ¶¶ 21-24 (citing TEX. BUS & COM. CODE § 4A-207(b)).

Article 4A is intended to *exclusively* determine "the rights, duties, and liabilities" of parties in any situation covered by the particular provisions of the Article. *Consorcio Industrial de Construccion Titanes, S.A. de C.V. v. Wells Fargo Bank, NA*, Civil Action No. 3:10-CV-2111-K, 2012 WL 13019678, at *2 (N.D. Tex. July 12, 2012) (citations omitted) (quoting TEX. BUS. &. COM. CODE § 4A-102 cmt.). Accordingly, "where the circumstances differ from the situations outlined in [Article 4A], [it] is not the 'exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer.'" *3T Oil & Gas Services, LLC v. JPMorgan Chase Bank, N.A.*, A-18-CV-131-LY, 2018 WL 5018483, at *2 (W.D. Tex. Oct. 16, 2018) (quoting *Consorcio Industrial de Construccion Titanes, S.A. de C.V.*, 2012 WL 13019678, at *2). A

6

plaintiff is restricted from bringing non-Article 4A claims only when those claims "create rights, duties and liabilities *inconsistent* with those stated in [Article 4A]." *Consorcio Industrial de Construccion Titanes, S.A. de C.V.*, 2012 WL 13019678, at *2 (quoting *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1275 (11th Cir. 2003)).

Under § 4A.207(b), "banks are immune from liability if they fail to confirm that the name of the beneficiary on the payment order matches the name on the bank account identified by the provided account number, *unless they have actual knowledge of the discrepancy*." *Remtek Services, Inc. v. Wells Fargo Bank, N.A.*, Civil No. 19-12790 (RBK/KMW), 2020 WL 241332, at *3 (D.N.J. Jan. 16, 2020) (emphasis added). Therefore, Defendant Wells Fargo will be liable for the loss of the pay-off funds only if Plaintiffs show Defendant had actual knowledge of the discrepancy between the account holder and the account number in the Payment Order. In contrast, Plaintiffs' negligence claims do not require actual knowledge of the discrepancy to impose liability on Defendant. Thus, under a negligence theory, Defendant could be held liable for the loss of the payment funds irrespective of whether it had actual knowledge of the discrepancy. Allowing Plaintiffs to pursue negligence claims could result in assessment of liability that is contrary to the allocation of risk of loss set forth in Article 4A of the Texas Business & Commerce Code. In addition, the negligence cause of action would impose a duty beyond or different from the duties for a beneficiary's bank set forth in Article 4A.207, which allow a bank to rely on an account identifier regardless of a discrepancy if the funds transfer is processed in a fully automated manner. TEX. BUS. & COM. CODE § 4A.207(b)(1). As a result, Plaintiffs' negligence claims are preempted by Article 4A and should be dismissed. *See Remtek Services, Inc. v. Wells Fargo Bank, N.A.*, Civil No. 19-12790 (RBK/KMW), 2020 WL 241332, at *3 (D.N.J. Jan. 16, 2020) (citing *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, 18-60250, 2018 WL 8334591, at *3-4 (S.D. Fla. Apr. 4,

2018); *Sliders Trading Co., LLC v. Wells Fargo Bank, N.A.*, No. 17-04930, 2017 WL 6539843, at *5 (N.D. Cal. Dec. 21, 2017)) ("Because negligence claims do not have this actual knowledge requirement, courts have repeatedly found that Article 4A preempts negligence clams (sic) where the bank processed a payment order despite the existence of a discrepancy between the beneficiary identified on the payment order and the name on the account identified by the provided account number.").

## C. Plaintiffs have alleged facts sufficient to state equitable claims for declaratory judgment and quiet title.

Plaintiffs have asserted a claim for quiet title based on the allegation that Defendant refused to release the Hydes' lien after Plaintiffs paid $159,963.03 to Defendant. Dkt. 1 ¶¶ 32-36. To state a claim for quiet title, Plaintiffs must allege that (1) they have an interest in specific property; (2) title to the property is affected by a claim by Defendant; and (3) Defendant's claim, although facially valid, is invalid or unenforceable. *Ocwen Loan Servicing, LLC v. Gonzalez Financial Holdings, Inc.*, 77 F. Supp. 3d 584, 588 (S.D. Tex. 2015) (citations omitted).

Plaintiffs have alleged that they have an interest in the property and that it is burdened with a claim by the Defendant. Dkt. 1 ¶¶ 33-34. Plaintiffs also allege that the lien is invalid or unenforceable because Plaintiffs sent the full payoff amount to Wells Fargo, N.A. and that Wells Fargo, N.A. and the mortgagee, WFHM, are one and the same. *Id*. at ¶¶ 34-35. If Plaintiffs prevail on their Article 4A claims against Wells Fargo, and if they demonstrate that Wells Fargo and WFHM are the same entity, Plaintiffs could show that Defendant's claim to the property is invalid because payment was made to WFHM in satisfaction of the lien. At this point, the Court is unable to say with certainty that Plaintiffs will be unable to prevail on their claim for quiet title. Therefore, drawing all reasonable inferences in the light most favorable to Plaintiffs, they have sufficiently stated a claim for quiet title. *See Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir.

2009) ("The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff.").

Defendant's Motion to Dismiss Plaintiffs' claim for a declaratory judgment should be denied for the same reasons. Plaintiffs allege they are entitled to declaratory judgment stating that (1) the Hydes' note has been fully paid and/or (2) the Hydes' deed of trust has been discharged and no longer constitutes a valid or subsisting lien on the property. Dkt. 1 ¶¶ 24-31. If Plaintiffs prevail on their Article 4A claims, and if they demonstrate that Wells Fargo and WFHM are the same entity, Plaintiffs could show that the Hydes' note was paid in full and that Defendant's claim to the property is invalid because payment was made to WFHM in satisfaction of the lien. Therefore, viewing all well-pleaded facts on the light most favorable to Plaintiffs, they have sufficiently stated a claim for declaratory judgment. *See Alexander*, 48 F.3d at 701 (citations omitted).

## IV. CONCLUSION

For these reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** with respect to Plaintiff's claims for negligence and that claim be **DISMISSED**. It is, further, **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED** with respect to Plaintiffs' claims for violations of Texas Business and Commerce Code § 4A.207(b), quiet title, and declaratory judgment.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 5, 2021 at Houston, Texas.

                                               Christina A. Bryan
                                               United States Magistrate Judge